IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LESLIE RENEE CHILDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIV. ACT. NO. 2:14cv985-MHT-TFM |
| CLANTON POLICE DEPT., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Plaintiff Leslie Renee Childers ("Childers")
claims that the Clanton Police Department, Officer Daniel Eric Smitherman, and Katrina
Caver, a court clerk ("the Clerk") violated her constitutional rights by refusing to arrest or
prosecute an individual.  Specifically, Childers asserts that Officer Smitherman and the
Clerk refused to allow her to press charges against a man who hit her with a vehicle.
Childers alleges that the defendants charged the individual with nothing more than third-
degree assault.  In addition, she alleges that Officer Smitherman did not arrest him for
violating the law. Upon review of the Complaint, the court concludes that all of the
plaintiff's claims against the defendants should be dismissed.

## II. DISCUSSION

### A.    The City of Clanton Police Department

The Clanton Police Department is not a legal entity subject to suit or liability under § 1983.  *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  The court therefore concludes that the plaintiff's claims against the Clanton Police Department are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.  Criminal Prosecution

To the extent that Childers asserts that Officer Smitherman and the Clerk failed to charge, arrest, or prosecute William Roebuck, her claim fails to rise to the level of a constitutional violation.[1]  An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.  *Conlogue v. Shinbaum*, 949 F.2d 378, 380-81 & n.5 (11th Cir. 1991).  A "private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).  *See also Leeke v. Timmerman*, 454 U.S. 83 (1981).  Thus, the actions about which the plaintiff complains did not deprive her of any constitutionally protected interest and therefore cannot form the basis for an action brought pursuant to 42 U.S.C. § 1983.  Consequently, the plaintiff's claim that the defendants violated her constitutional rights

---

[1] To the extent Childers sues the Clerk in her official capacity for refusing to accept her charges against Mr. Roebuck, the claims are also due to be dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).   The law is well-settled that judicial officers are absolutely immune from civil liability for acts undertaken pursuant to their judicial authority.  See *Forrester v. White*, 484 U.S. 219, 227-229 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978).

by failing to arrest or prosecute Mr. Roebuck should be dismissed for failure to state a claim upon which relief can be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.  The Conspiracy Claim

To the extent that Childers asserts the defendants conspired to deprive her of her constitutional rights, she is entitled to no relief.  A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).  The court has carefully reviewed the instant complaint.  At best, the assertions made by Childers are self-serving, purely conclusory allegations which fail to assert those material facts necessary to establish the existence of a conspiracy.  *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff her constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy).  In light of the foregoing, the court concludes Childers' bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1983.  *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-57.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.     The plaintiff's claim regarding the defendants' refusal to charge, arrest, or prosecute an individual be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

2.     The plaintiff's claim regarding a conspiracy to violate her constitutional rights be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

3.     This case be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B).

Finally, it is

ORDERED that the plaintiff shall file any objections to the said Recommendation on or before October 21, 2014.   Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as

binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 6th day of October, 2014.


      /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE